IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOY SCOUTS OF AMERICA,<br>Plaintiff, | §<br>§<br>§ | |
| V. | §<br>§ | C.A. NO. 3:13-CV-2796 |
| INTERNATIONAL INSURANCE<br>COMPANY AND GENERAL STAR<br>INDEMNITY COMPANY,<br>Defendants. | §<br>§<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff **BOY SCOUTS OF AMERICA,** and files this Original Complaint against Defendants **INTERNATIONAL INSURANCE COMPANY** ("International") and **GENERAL STAR INDEMNITY COMPANY** ("General Star"), and in support thereof will show the Court as follows:

**I.
PARTIES**

1. Plaintiff Boy Scouts of America ("BSA") is a Congressionally chartered organization authorized to do business in Texas, and has its main headquarters in Irving, Texas.

2. Defendant International is licensed to do business in Texas, is incorporated in the State of Pennsylvania, and has its principal place of business located at 436 Walnut Street, Philadelphia, PA 19106. Defendant may be served with process by serving the Texas Department of Insurance, 333 Guadalupe, Austin, TX 78701.

3. Defendant General Star is licensed to do business in Texas, is incorporated in the State of Delaware, and has its principal place of business located at 120 Long Ridge Road,

Stamford, Connecticut 06902-1843. Defendant may be served with process by serving the Texas Department of Insurance, 333 Guadalupe, Austin, TX 78701.

## II.
## JURISDICTION AND VENUE

4. This is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1332(a). Complete diversity of citizenship exists between Plaintiff and Defendants as of the date of the filing of this suit. The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because BSA has its headquarters in the State of Texas and because defendants are subject to personal jurisdiction in this District by, *inter alia*, doing a series of acts in Texas for the purpose of realizing pecuniary benefit, including but not limited to issuing insurance policies to the BSA and to other individuals or businesses in Texas to insure persons, businesses, property or other risks.

## III.
## FACTS

6. International insures BSA under an excess general liability insurance policy with policy number 531-202912-2 (effective 3/1/90 – 3/1/91) ("International Policy").

7. General Star insures BSA under an excess general liability insurance policy with policy number NEX036306 (effective 3/1/90 – 3/1/91) ("General Star Policy").

8. BSA was named as a defendant in a lawsuit captioned *Jack Doe 7 and Jack Doe 8 v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, et al.*, Case No. 0806-09176, filed in the Circuit Court of the State of Oregon for Multnomah County (the "Underlying Suit"). A true and correct copy of the Second Amended Complaint filed in the Underlying Suit on August 31, 2010 is attached hereto as **Exhibit A**.

9. BSA provided notice to International and General Star under the Policies on or about January 27, 2011.

10. The Underlying Suit involved claims by Doe 7 and 8 that they were abused by a Boy Scout volunteer, Timur Dykes, over a period of years.

11. The Underlying Suit contained allegations, *inter alia*, that BSA was negligent in allowing Dykes to participate in Scouting activities because BSA knew that Dykes had a prior criminal conviction for sexually abusing minors.

12. The Underlying Suit contained allegations, *inter alia*, that Doe 7 and Doe 8 suffered and continue to suffer from "severe and debilitating physical, mental and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage."

13. During discovery in the Underlying Suit, it became clear that the abuse of Doe 7 and Doe 8 took place during the International and General Star policy periods.

14. For example, discovery showed that Doe 7 submitted a Victims Compensation Form in 1994 that stated he was abused between 1990 and 1992. Further, the first time Doe 7 was listed on his local Boy Scout unit roster was in 1990. In addition, Doe 7 gave a statement to police prior to Dykes' arrest in 1994 where he alleged that he met Dykes in July 1990 and the first incident of abuse took place in the late summer or early fall of 1990.

15. Doe 8 was also listed for the first time on his local Boy Scout unit roster in 1990. In a statement to police prior to Dykes' arrest in 1994, Doe 8 states that the first incident of abuse by Dykes took place in January 1991.

16. In April 2011, the BSA settled the Underlying Suit for a confidential amount.

17. In addition, BSA incurred substantial defense fees and costs in connection with the defense of the Underlying Suit.

18. Both International and General Star have refused to satisfy their coverage obligations and denied coverage for both defense costs and the amount of the settlement.

## IV.
## DECLARATORY RELIEF

19. BSA repeats the allegations in Paragraphs 1 through 19 and makes them a part hereof as if fully set forth at length herein.

20. BSA brings this action pursuant to, *inter alia*, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

21. BSA seeks a declaration that the claims made by it for the settlement of the Underlying Suit, and defense costs it incurred in the Underlying Suit, are covered under the Policies.

22. International and General Star have failed to honor and have disputed their obligations under the Policies to reimburse defense costs and to satisfy the amount of the settlement in the Underlying Suit.

23. By reason of the foregoing, an actual and justiciable controversy exists between BSA, International and General Star regarding the duties and obligations under the Policies, and a judicial declaration is necessary to determine BSA's rights and International's and General Star's duties regarding the Underlying Suit, particularly their obligation to reimburse defense costs expended by BSA and indemnify BSA for the amount of the settlement in the Underlying Suit.

## V.
## BREACH OF CONTRACT

24. BSA repeats the allegations in Paragraphs 1 through 24 and makes them a part hereof as if fully set forth at length herein.

25. BSA has incurred defense costs and made indemnity payments in connection with the Underlying Suit.

26. International and General Star have failed and refused to reimburse BSA for the defense costs and indemnity payments.

27. By reason of the foregoing, International and General Star have breached their obligations under the Policies, and are liable to BSA for money damages not limited to the policy limits, costs and payment and all other sums incurred by BSA, together with the costs and disbursements of this action, including but not limited to reasonable attorneys' fee pursuant Tex. Civ. Prac. & Rem. Code, §38.001, along with pre-judgment and post-judgment interest.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff BSA prays that upon trial BSA have and receive:

- A.  A declaration, pursuant to the terms of the Policies, that International and General Star are obligated to indemnify BSA for the settlement in the Underlying Suit and to reimburse to BSA the reasonable defense costs incurred by BSA in connection with defending the Underlying Suit;

- B.  A ruling enjoining International and General Star from failing and refusing (a) to indemnify BSA for the settlement of the Underlying Suit and (b) to reimburse and compensate BSA for reasonable defense costs incurred in the Underlying Suit;

- C.  Granting BSA specific performance of the Policies issued by International and General Star;

- D.  A judgment for money damages, not limited to the Policy limits, and including direct, compensatory and consequential damages, together with pre-judgment and post-judgment interest;

E.  An order requiring reimbursement to BSA for costs of suit and attorneys' fees incurred in this Action, including interest; and

F.  All such other and further relief to which Plaintiff BSA may show itself justly entitled.

Respectfully submitted,

/s/ *Tarron L. Gartner*
**R. BRENT COOPER**
Texas State Bar No. 04783250
Brent.Cooper@cooperscully.com
**TARRON L. GARTNER**
State Bar No. 18686175
Tarron.Gartner@cooperscully.com
**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:   214-712-9500
Facsimile:   214-712-9540

**ATTORNEYS FOR PLAINTIFF BOY SCOUTS OF AMERICA**