IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR MULTNOMAH COUNTY

| | |
|---|---|
| JACK DOE 7, an individual proceeding under a fictitious name; and JACK DOE 8, an individual proceeding under a fictitious name,<br><br>Plaintiffs,<br><br>v.<br><br>CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in the State of Oregon; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, a foreign corporation sole registered to do business in the State of Oregon; THE BOY SCOUTS OF AMERICA, a congressionally chartered corporation, authorized to do business in Oregon; and CASCADE PACIFIC COUNCIL, BOY SCOUTS OF AMERICA, an Oregon non-profit corporation,<br><br>Defendants. | Case No. 0806-09176<br><br>PLAINTIFFS' SECOND AMENDED COMPLAINT<br><br>(Sexual Abuse of a Child/*Respondeat Superior*, Ratification, Intentional Infliction of Emotional Distress Ratification /*Respondeat Superior*, Negligence, Failure to Warn)<br><br><br><br>JURY TRIAL DEMANDED<br><br>Not Subject to Mandatory Arbitration |

Plaintiffs allege:

(Common Allegations)

1.

Plaintiff Jack Doe 7 is an adult male born in the year 1977, who at all times relevant to this complaint was an unemancipated minor child who was a member of a Boy Scout Troop sponsored by the local LDS Ward, attended Boy Scout camping and rafting trips, meetings, and events, received morality and citizenship training and direction from Defendants or agents of the Defendants, and participated in the authorized activities promoted or sponsored by Defendants or

Page 1  PLAINTIFFS' SECOND AMENDED COMPLAINT


PLAINTIFF'S EXHIBIT A

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1  agents of the Defendants. Plaintiff Jack Doe 8 is an adult male born in the year 1979, who at all
2  times relevant to this complaint was an unemancipated minor child who was a member of a Boy
3  Scout Troop sponsored by the local LDS Ward, attended Boy Scout camping and rafting trips,
4  meetings, and events, received morality and citizenship training and direction from Defendants or
5  agents of the Defendants, and participated in the authorized activities promoted or sponsored by
6  Defendants or agents of the Defendants.

7  2.

8  At all times relevant to this complaint, Defendant Boy Scouts of America was a
9  congressionally chartered corporation authorized to do business in Oregon. At all times relevant
10 to this complaint, Defendant Cascade Pacific Council, Boy Scouts of America was an Oregon
11 non-profit corporation. These Defendants will be referred to hereinafter collectively as "Boy
12 Scout Defendants." At all times relevant to this complaint, Boy Scout Defendants operated
13 various programs for boys, including the Plaintiffs in this case, and selected or approved adults to
14 serve as Scout Leaders.

15 3.

16 At some times relevant to this complaint, Timur Dykes, also known as "Timur Van
17 Dykes" (hereinafter "Dykes") served as a Scout Volunteer for the Boy Scout Troop for the Sixth
18 Ward, permitted or allowed by Boy Scout Defendants to educate, interact with, and train Boy
19 Scouts, including Plaintiffs, in morality, patriotism, leadership, and various life skills. At all
20 times relevant this complaint, after 1988, Dykes acted with the apparent authority or ratification
21 of Boy Scout Defendants by being allowed to act in a manner consistent with an agency
22 relationship as a Scout volunteer for Troop 478, even after his official status in LDS Church and
23 with the Scout Defendants had been purportedly terminated. Boy Scout Defendants made no
24 effort to specifically repudiate Dykes' apparent authority and agency relationship, but allowed
25 Dykes to appear to reasonable people, including these Plaintiffs and their families, as if he was an
26 authorized agent of the Boy Scout Defendants at Scout meetings and events.

Page 2    PLAINTIFFS' SECOND AMENDED
          COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

4.

Prior to 1983, Boy Scout Defendants empowered Dykes to perform all duties of a Scout volunteer including educational and tutorial services, counseling, spiritual and moral guidance, religious instruction, and other duties. Later, after 1983, Boy Scout Defendants failed to revoke that authority in any public fashion—or to warn the public or Scout or LDS families of Dykes' dangerousness to children—such that a reasonable person could believe that Boy Scout Defendants consented to have Dykes act with their authority, and Plaintiffs did so rely. Boy Scout Defendants knew that as part of his duties as a Scout volunteer, Dykes would be in a position of trust and confidence with Scouts, including the Plaintiffs in this case. Alternatively, Boy Scout Defendants ratified Dykes' participation by granting Scouts awards based on Dykes' assistance and participation with the Troop, or ratified his participation in Scouting by failing to object when a reasonable person in Boy Scout Defendants' position would have certainly prevented Dykes from participating in Scouting events.

5.

While working as a volunteer in Troop 478 and other Troops, and for the purpose of furthering his assigned or apparent duties as a Scout volunteer, Dykes identified Plaintiffs' families as ones with adolescent or teenage boys; befriended Plaintiffs and their families; gained the families' trust and confidence as an educational and spiritual guide, and as a valuable and trustworthy mentor to Plaintiffs; gained the permission, acquiescence, and support of Plaintiffs' families to spend substantial periods of time alone with Plaintiffs; and sought and gained the instruction of Plaintiffs' parents to Plaintiffs that they were to have respect for Dykes' authority and to comply with Dykes' instruction and requests.

6.

For the purpose of furthering his duties as a Scout volunteer—whether under the explicit or apparent agency authority of Defendants—Dykes also sought and gained the friendship, admiration and obedience of Plaintiffs. As a result, Plaintiffs were conditioned to trust Dykes, to

Page 3    PLAINTIFFS' SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1  comply with Dykes' direction, and to respect Dykes as a person of authority in spiritual, moral,
2  and ethical matters. The above course of conduct described in this paragraph and in paragraphs 4
3  and 5, above, is hereinafter collectively referred to as "Grooming."
4
5                           **FIRST CLAIM FOR RELIEF**
            By Plaintiff Jack Doe 7 Against Boy Scout Defendants
6                (Sexual Abuse of a Child/*Respondeat Superior*)
7                                  7.
8      Plaintiff Jack Doe 7 realleges and incorporates by reference paragraphs 1 through 6,
9  above.
10                                 8.
11     Dykes, while acting within the course and scope of his employment and agency or
12 apparent agency, and using the authority and position of trust as a Scout volunteer for the
13 Defendants—through the Grooming process—induced and directed Plaintiff Jack Doe 7 to
14 engage in various sexual acts with Dykes. These acts constituted a harmful or offensive touching
15 of Plaintiff Jack Doe 7 to which he could not consent.
16                                 9.
17     Dykes, an adult, engaged in intentional conduct that resulted in some or all of the
18 following: physical injury, mental injury, sexual abuse, and sexual exploitation of Plaintiff as
19 those terms are used in ORS 12.117. Specifically, Dykes sexually abused and molested Plaintiff
20 Jack Doe 7 from approximately 1988 through 1992 by engaging in fondling, masturbation, oral
21 sex, and sodomy on hundreds of occasions, all while Dykes was serving or appearing to serve the
22 Defendants.
23                                10.
24     Dykes used the Grooming process described in paragraphs 4, 5, and 6, above, to
25 accomplish his acts of sexual molestation of the Plaintiff Jack Doe 7. Dykes' Grooming was (1)
26 committed in direct connection and for the purposes of fulfilling Dykes' apparent employment

Page 4    PLAINTIFFS' SECOND AMENDED
         COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

and agency with the Defendants; (2) committed within the time and space limits of his agency or apparent agency as Scout volunteer; (3) done initially and at least in part from a desire to serve the interests of Defendants; (4) done directly in the performance of his duties as Scout volunteer; (5) consisted generally of actions of a kind and nature which Dykes was required to perform as a Scout volunteer; and (6) was done at the direction of, and pursuant to, the power vested in him by the Defendants.

11.

As a result of Dykes' sexual abuse, molestation, and breach of authority, trust, and position as Scout volunteer to Jack Doe 7, Plaintiff Jack Doe 7 has suffered and continues to suffer severe and debilitating physical, mental, and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage distinct in time and logic from the abuse, all to his non-economic damages in the amount of $4,000,000.00, the exact amount of which will be proven at the time of trial.

12.

As an additional result and consequence of Dykes' sexual abuse, molestation, and breach of authority, trust, and position as Scout volunteer to Jack Doe 7, Plaintiff Jack Doe 7 has incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial.

13.

Jack Doe 7 was under 40 years of age at the time of the filing of this complaint. This action is timely under ORS 12.117(1)

////
////
////
////

Page 5   PLAINTIFFS' SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

## SECOND CLAIM FOR RELIEF
By Plaintiff Jack Doe 7 Against Boy Scout Defendants
(Intentional Infliction of Emotional Distress/*Respondeat Superior*)

14.

Plaintiff Jack Doe 7 realleges and incorporates by reference paragraphs 1 through 13, above.

15.

Dykes, while engaging in the Grooming process described in paragraphs 4, 5, and 6, above, knowingly and intentionally caused severe emotional distress to Plaintiff Jack Doe 7 when he sexually battered and abused Plaintiff. Plaintiff Jack Doe 7 did in fact suffer severe emotional distress as a result of this abuse, and the sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

16.

Dykes used the Grooming process described in paragraphs 4, 5, and 6, above, to intentionally inflict severe emotional distress through the abuse of Plaintiff Jack Doe 7. Dykes' Grooming was committed within the course and scope of his agency or apparent agency as described in paragraph 10, above.

17.

As a result of Dykes' intentional infliction of emotional distress on Plaintiff Jack Doe 7 and Dykes' breach of trust and position as a Scout volunteer to the Plaintiff, Plaintiff Jack Doe 7 has suffered permanent and lasting damages distinct from the abuse itself, as detailed above in paragraphs 11 and 12, above.

## THIRD CLAIM FOR RELIEF
By Plaintiff Jack Doe 8 Against Boy Scout Defendants
(Sexual Abuse of a Child/*Respondeat Superior*)

18.

Plaintiff Jack Doe 8 realleges and incorporates by reference paragraphs 1 through 6,

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1 above.

19.

Dykes, while acting within the course and scope of his employment and agency or apparent agency, and using the authority and position of trust as a Scout volunteer for the Defendants—through the Grooming process—induced and directed Plaintiff Jack Doe 8 to engage in various sexual acts with Dykes. These acts constituted a harmful or offensive touching of Plaintiff Jack Doe 8 to which he could not consent.

20.

Dykes, an adult, engaged in intentional conduct that resulted in some or all of the following: physical injury, mental injury, sexual abuse, and sexual exploitation of Plaintiff as those terms are used in ORS 12.117. Specifically, Dykes sexually abused and molested Plaintiff Jack Doe 8 from approximately 1989 through 1992 by engaging in fondling, masturbation, oral sex, and sodomy on dozens of occasions, all while Dykes was serving or appearing to serve the Defendants.

21.

Dykes used the Grooming process described in paragraphs 4, 5, and 6 to accomplish his acts of sexual molestation of the Plaintiff Jack Doe 8. Dykes' Grooming was (1) committed in direct connection and for the purposes of fulfilling Dykes' apparent employment and agency with the Defendants; (2) committed within the time and space limits of his agency or apparent agency as Scout volunteer; (3) done initially and at least in part from a desire to serve the interests of Defendants; (4) done directly in the performance of his duties as Scout volunteer; (5) consisted generally of actions of a kind and nature which Dykes was required to perform as a Scout volunteer; and (6) was done at the direction of, and pursuant to, the power vested in him by the Defendants.

22.

As a result of Dykes' sexual abuse, molestation, and breach of authority, trust, and

PLAINTIFFS' SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

position as Scout volunteer to Jack Doe 8, Plaintiff Jack Doe 8 has suffered and continues to suffer severe and debilitating physical, mental, and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage distinct in time and logic from the abuse, all to his non-economic damages in the amount of $4,000,000.00, the exact amount of which will be proven at the time of trial.

23.

As an additional result and consequence of Dykes' sexual abuse, molestation, and breach of authority, trust, and position as Scout volunteer to Jack Doe 8, Plaintiff Jack Doe 8 has incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial.

24.

Jack Doe 7 was under 40 years of age at the time of the filing of this complaint. This action is timely under ORS 12.117(1).

**FOURTH CLAIM FOR RELIEF**
By Plaintiff Jack Doe 8 Against Boy Scout Defendants
(Intentional Infliction of Emotional Distress/*Respondeat Superior*)

25.

Plaintiff Jack Doe 7 realleges and incorporates by reference paragraphs 1 through 6 and 18 through 24, above.

26.

Dykes, while engaging in the Grooming process described in paragraphs 4, 5, and 6, above, knowingly and intentionally caused severe emotional distress to Plaintiff Jack Doe 8 when he sexually battered and abused Plaintiff. Plaintiff Jack Doe 7 did in fact suffer severe emotional distress as a result of this abuse, and the sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

Page 8     PLAINTIFFS' SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

27.

Dykes used the Grooming process described in paragraphs 4, 5, and 6, above, to intentionally inflict severe emotional distress through the abuse of Plaintiff Jack Doe 8. Dykes' Grooming was committed within the course and scope of his agency or apparent agency as described in paragraph 21, above.

28.

As a result of Dykes' intentional infliction of emotional distress on Plaintiff Jack Doe 8 and Dykes' breach of trust and position as a Scout volunteer to the Plaintiff, Plaintiff Jack Doe 8 has suffered permanent and lasting damages distinct from the abuse itself, as detailed above in paragraphs 22 and 23, above.

**FIFTH CLAIM FOR RELIEF**
By All Plaintiffs Against Boy Scout Defendants
(Negligence Regarding Dykes)

29.

Plaintiffs Jack Doe 7 and Jack Doe 8 reallege and incorporate by reference paragraphs 1 through 28, above.

30.

Boy Scout Defendants created a special relationship with Plaintiffs by inviting and encouraging them to participate in activities within Boy Scouts. This special relationship created a duty of care on the part of Boy Scout Defendants to ensure Plaintiffs' safety while participating in Defendants' activities. Alternatively or in conjunction with the above, Boy Scout Defendants affirmatively created a dangerous condition in Scouting by not excluding Dykes from participation in Scouting after 1983.

31.

Prior to any of the abuse suffered by Plaintiffs at the hands of Dykes, Boy Scout Defendants had direct knowledge that Dykes posed a danger of molestation to Scouts. In early

Page 9   PLAINTIFFS' SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1983, while Dykes was acting as an Assistant Scoutmaster for another Portland, Oregon Troop, Boy Scout Defendants learned through their agents—acting in the time and space limits of their agency, acting to further Boy Scout Defendants' interests, and as part of the authorized duties of their agency—that Dykes had abused Scouts in the Troop, and Dykes admitted that he had indeed abused 17 of the Scouts. Police also conducted an investigation, and criminal charges were brought. It was known to Boy Scout Defendants, through their agents, that Dykes was placed on court-ordered probation in early 1983 as a result of those charges—with the conditions that Dykes not be around children and that he attend mental health counseling. Dykes ceased attending court-ordered counseling almost immediately after his probation, and in 1984 was arrested when in the course of a traffic stop, police found several boys traveling with Dykes on the way to the Oregon Coast. Boy Scout Defendants were notified of these parole violations through their agents at the Tenth Ward, but still failed to exclude Dykes from contact with Scouts, and failed to report these parole violations to law enforcement themselves.

32.

Later, in 1985, Dykes was convicted of two counts of the crime of Sexual Penetration with a Foreign Object against yet another set of boys, and Dykes went to prison until 1988. In 1987, a civil lawsuit was brought against these Defendants for Dykes' abuse of boys. Yet in 1988, when Dykes was released from prison, he again began hanging around LDS and Scouting activities involving these Plaintiffs and appeared to reasonable persons, including these Plaintiffs, to be acting as an authorized Scout volunteer for Plaintiffs' Troop. Boy Scout Defendants knew of Dykes' presence at Scout activities, but never attempted to exclude Dykes from these events, nor did they warn of or disclose Dykes' prior abuse of boys.

33.

Despite actual knowledge of Dykes' repeated sexual abuse of boys, Boy Scout Defendants failed to protect Plaintiffs by allowing Dykes to attend various Scout activities, fundraisers, meetings, and trips, and acquiescing to his participation in those events following his

Page 10   PLAINTIFFS' SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1 disfellowship, probation, prison term, excommunication, and subsequent prison term. Boy Scout
2 Defendants also failed to warn Plaintiffs or their families, any of the members of the Wards at
3 which they provided charters for Troops, or their respective Boy Scout Troop members (with the
4 exception of a select few families that Dykes identified in 1983), about Dykes' abuse of boys at
5 any time between 1983–1985, or any time between 1988–1992. Dykes continued to attend Boy
6 Scout functions, and appeared to Plaintiffs and other reasonable persons as an authorized Scout
7 volunteer. Plaintiffs relied on the acquiescence of Defendants in believing that Dykes was an
8 authorized Scout Volunteer, and relied on Dykes' apparent authority in this regard by allowing
9 Dykes to interact with them. Boy Scout Defendants' failure to train their Scout Troop Sponsors
10 and Troop leaders to report any allegation of abuse also contributed causally to Dykes' ability to
11 participate in continued Scout activities.

34.

13 It was foreseeable to Defendants that the class of Scouts involved in Troops through the
14 LDS Wards, of which Plaintiffs were members, was placed in danger by Dykes, and that Dykes
15 likely would molest additional LDS Boys through Church and Scouting activities. It was also
16 foreseeable to Defendants that pedophiles or pedeophilic predators would engage in serial abuse
17 of minors under their care—particularly in Dykes case as a recidivist child molester—and that
18 Dykes had additional victims that had either not been discovered, who denied or remained silent
19 about the abuse, or who would be abused in the future.

35.

21 Defendants' acquiescence to Dykes' continued involvement in Boy Scout and Church
22 activities created a foreseeable risk of harm to the safety of children in the care of the
23 Defendants, including Plaintiffs. Defendants' failure to and failure to warn or protect Scouts and
24 exclude Dykes from Church and Scout activities involving minor boys created a foreseeable risk
25 of harm to the safety of children in the care of Defendants, and Defendants therefore knowingly
26 allowed and permitted or encouraged child abuse. Plaintiffs' interest in being free from sexual

Page 11   PLAINTIFFS' SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1   molestation is an interest of a kind that the law protects against negligent invasion. Defendants'
2   failure to warn and acquiescence to Dykes' presence at Boy Scout and Church activities was
3   unreasonable in light of the risk posed to minor boys by Dykes. Defendants' acquiescence to
4   Dykes' presence at Boy Scout and Church activities and failure to warn about his danger was a
5   direct and foreseeable cause of the respective molestation and damages suffered by the Plaintiffs,
6   as alleged in paragraphs, above.

### SIXTH CLAIM FOR RELIEF
By All Plaintiffs Against Boy Scout Defendants
(Negligence Regarding Dykes)

36.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 35, above.

37.

Boy Scout Defendants created a foreseeable risk of Dykes abusing Scouts, including Plaintiffs, in the following particular ways:

1.  Boy Scout Defendants failed to train the leadership in Troop 478 to exclude adult volunteers from participation in Scouting when the adult's background was not properly checked;

2.  Boy Scout Defendants failed to notify Troops in Oregon of Dykes or other known child molesters who had been earlier discovered to have abused Scouts in Oregon;

3.  Boy Scout Defendants failed to train the leadership of Troop 478 in how to recognize, report, and prevent child abuse; and

5.  Boy Scout Defendants failed to implement and/or enforce common sense child abuse policies—such as a prohibition on Scouts visiting the homes of Scout volunteers alone, prohibiting overnight visits by Scouts at the homes of unrelated adult volunteers, or a requirement that no individual Scout

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1 volunteer could participate in activities alone with individual Scouts.
2 These actions caused or contributed to the abuse of the Plaintiffs in this case.

3                                          38.

4 After the 1983 probation and the 1985 incarceration of Dykes for molesting boys, Boy
5 Scout Defendants failed to warn Plaintiffs or their families, any of the members of other Oregon
6 LDS Wards, or Troops or Troop members in Oregon about Dykes' abuse of boys. Dykes was
7 thereby able to attend Boy Scout functions after his release from prison in 1987, and he appeared
8 to Plaintiffs and other reasonable persons to be acting as an authorized Scout Volunteer for
9 Troop 478. Plaintiffs relied on the acquiescence of Defendants in believing that Dykes was an
10 authorized Scout leader, and relied on this actual or apparent authority in allowing Dykes to
11 interact with them.

12                                         39.

13 It was foreseeable to Boy Scout Defendants that the class of Scouts in Troops throughout
14 Oregon, of which Plaintiffs were members, were placed in danger by Dykes and that Dykes likely
15 would, if permitted to be in Scouting, molest additional Boy Scouts.

16                                         40.

17 Boy Scout Defendants' acquiescence to Dykes' continued involvement in Boy Scout
18 activities after early 1983, and particularly after 1987, and failure to warn of his danger, created a
19 foreseeable risk of harm to the safety of children in the care of the Defendants, including
20 Plaintiffs. Boy Scout Defendants' failure to warn families about Dykes and exclude him from
21 Scout activities created a foreseeable risk of harm to the safety of children in the care of Boy
22 Scout Defendants. Boy Scout Defendants therefore knowingly allowed and permitted or
23 encouraged child abuse. Plaintiffs' interest in being free from sexual molestation is an interest of
24 a kind that the law protects against negligent invasion. Defendants' failure to warn and
25 acquiescence to Dykes' presence at Boy Scout activities was unreasonable in light of the risk
26 posed to minor boys by Dykes. Defendants' acquiescence to Dykes' presence at Boy Scout

Page 13   PLAINTIFFS' SECOND AMENDED
         COMPLAINT

O'DONNELL-CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1  activities and failure to warn about his danger was a direct and foreseeable cause of the
2  respective molestation and damages suffered by the Plaintiffs, as alleged in paragraphs 11, 12,
3  22, and 23, above.

SEVENTH CLAIM FOR RELIEF
By All Plaintiffs Against Boy Scout Defendants
*Negligence— Institution-Wide*

41.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 40, above.

42.

Defendants created a special relationship with Plaintiffs by inviting and encouraging them to participate in Boy Scout activities with their Scout volunteers. That relationship created a duty on the part of Defendants to ensure that Scouting programs were made as reasonably safe as possible from known dangers. Alternatively or in conjunction with the above, from at least the 1960's, if not earlier, Defendants knew that Scout volunteer positions were being used by predatory child molesters to victimize children—at times without the molesters being "registered" with BSA national headquarters—and Defendants further knew that this was an institution-wide or systemic child abuse problem. Despite this knowledge, Defendants created a danger to Plaintiffs when they failed to warn parents of the risk of child molestation inherent to the Scouting program, failed to implement alternative child sex abuse policies, and failed to change their process for selecting and monitoring Scout Leaders (hereinafter referred to as Defendants' "institutional negligence"). Given the consistency and duration of the problem of molestation over the decades in Scouting, Defendants knew to a moral certainty that such failures would lead to at least some number of other boys, including boys such as Plaintiffs, being sexually abused by Scout volunteers while participating in the Boy Scouts.

43.

Defendants' institutional negligence was a substantial contributing and causal factor to

Page 14  PLAINTIFFS' SECOND AMENDED
COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1   the abuse of Plaintiffs. Because of the duration and consistency of child molestation in Scouting,
2   Defendants' knowing failure to warn, implement alternate child abuse policies, or change
3   screening or monitoring procedures created a foreseeable risk of harm to the safety of children in
4   the care of Defendants, including Plaintiffs in this case. Plaintiffs were members of the class of
5   individuals to be protected by a warning about Scouting's dangers, by alternate child abuse
6   policies, and by screening, and/or monitoring of Scout Leaders. Such policies and procedures
7   would have protected Plaintiffs from some or all of their abuse.

8                                    44.

9   Defendants' institutional negligence was a direct and foreseeable cause of Plaintiffs'
10   molestation and damages as alleged in paragraphs 11, 12, 22, and 23, above.

11

12                    **EIGHTH CLAIM FOR RELIEF**
                    By All Plaintiffs Against Boy Scout Defendants
13                              *Institutional Fraud*

14                                   45.

15   Plaintiff realleges and incorporates by reference paragraphs 1 through 44, above.

16                                   46.

17   At all times relevant to this complaint, Boy Scout Defendants invited and encouraged
18   Plaintiffs to participate in the Scouting program that they administered and controlled, promoting
19   their program as being safe and beneficial for boys, physically, emotionally, and spiritually. This
20   invitation created a special, fiduciary relationship as described in paragraphs 3 to 6, above,
21   wherein these Plaintiffs and their parents relied upon Boy Scout Defendants' expertise and
22   judgment in selecting morally upright men to lead Boy Scout Troops. No later than the 1960s,
23   Boy Scout Defendants knew that Scouting posed a danger to adolescent boys because historically
24   noticeable numbers of the adult volunteers participating in Scouting were child molesters who
25   used Scouting to gain access to and the trust of Scouts, including Scouts such as Plaintiffs. Boy
26   Scout Defendants had a duty to disclose known threats to the health and safety of the minors

Page 15   PLAINTIFFS' SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1  involved with their organization. In the first alternative, Defendants' invitation to Plaintiffs to
2  participate in Scouting upon payment of a fee required Defendants to disclose all matters material
3  to the entering into the transaction, and the relative incidence of child molestation by Scout
4  Leaders was particularly material to Plaintiffs entering into the transaction with Defendants. In
5  the second alternative, Defendants actively concealed the problem of child molestation by Scout
6  leaders, and no duty to disclose is required.

7                                           47.

8       Defendant BSA's knowledge of the dangers and prevalence of child molesters in
9  Scouting constituted a material fact because Plaintiffs would not have entered into a relationship
10 with Boy Scout Defendants, the Scouting program, Dykes, or Boy Scout Defendants' agents had
11 they been aware of this fact. Boy Scout Defendants' knowledge of the use of Scouting by child
12 molesters, in light of their failure to change the BSA program, policies, or procedures that in the
13 past been frequently used by molesters to harm boys, amounted to knowingly allowing,
14 permitting or encouraging child abuse within the meaning of ORS 12.117.

15                                          48.

16      Boy Scout Defendants fraudulently misrepresented and failed to disclose, and/or actively
17 concealed the dangers and prevalence of child molesters in Scouting (the "Institutional
18 Omissions").

19                                          49.

20      Boy Scout Defendants knew that the Institutional Omissions were false representations or
21 made the Institutional Omissions with reckless disregard for the truth. Boy Scout Defendants
22 made the Institutional Omissions with the intent of inducing Plaintiffs (and other children
23 similarly situated), Plaintiffs' guardians (and other parents and guardians similarly situated), and
24 the community at large to rely on the Omissions and thereby continue to trust Dykes.

25                                          50.

26      Plaintiffs and/or their parents or guardians relied on the Institutional Omissions in

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257

1  allowing these Plaintiffs to engage in a trust relationship with Boy Scout Defendants and their
2  agents. The reliance of Plaintiffs and/or their parents or guardians was justified because they did
3  not know, nor could they have known, that Boy Scout Defendants had a known, decades-long
4  history of child molesters using Scouting to obtain victims.

5                                          51.

6  Plaintiffs and/or their parents or guardians reasonably relied on the Institutional
7  Omissions by Boy Scout Defendants, as well as Boy Scout Defendants' conduct in maintaining
8  the same rules for the Scouting program, and reasonably believed that Scouting did not pose a
9  known danger to Scouts.

10                                          52.

11  As a direct consequence of Boy Scout Defendants' Institutional Omissions regarding
12  danger to Scouts, Plaintiffs suffered damages as described in paragraphs 11, 12, 22, and 23,
13  above.

14

15  WHEREFORE, Plaintiffs pray for judgment against Boy Scout Defendants, and each of
16  them, as follows:

17    1.    If successful on any of his individual claims for relief, non-economic damages for
18  Plaintiff Jack Doe 7 in the amount of $4,000,000.00, the exact amount to be determined by the
19  jury at the time of trial;

20    2.    If successful on any of his individual claims for relief, economic damages for
21  Plaintiff Jack Doe 7 in the amount of $250,000.00, the exact amount to be determined by the jury
22  at the time of trial;

23    3.    If successful on any of his individual claims for relief, non-economic damages for
24  Plaintiff Jack Doe 8 in the amount of $4,000,000.00, the exact amount to be determined by the
25  jury at the time of trial;

26    4.    If successful on any of his individual claims for relief, economic damages for

Page 17    PLAINTIFFS' SECOND AMENDED
           COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224.
FAX: (503) 306-0257

1 Plaintiff Jack Doe 8 in the amount of $250,000.00, the exact amount to be determined by the jury
2 at the time of trial;
3    5.   If successful on the Fifth Claim for Relief, economic and non-economic damages
4 for Plaintiffs Jack Doe 7 and Jack Doe 8, as described above;
5    6.   If successful on the Sixth Claim for Relief, economic and non-economic damages
6 for Plaintiffs Jack Doe 7 and Jack Doe 8, as described above;
7    7.   If successful on the Seventh Claim for Relief, economic and non-economic
8 damages for Plaintiffs Jack Doe 7 and Jack Doe 8, as described above;
9    8.   If successful on the Eighth Claim for Relief, economic and non-economic
10 damages for Plaintiffs Jack Doe 7 and Jack Doe 8, as described above;
11    9.   For Plaintiffs' costs and disbursements incurred; and
12    10.  For any other relief this Court deems just and equitable.
13    DATED this 31st day of August, 2010.

O'DONNELL CLARK & CREW LLP

Kelly Clark, OSB No. 831723
Kristian Roggendorf, OSB No. 013990
Gilion Dumas, OSB No. 922932
Peter Janci, OSB No. 074249
O'DONNELL CLARK & CREW LLP
1650 NW Naito Parkway, Suite 302
Portland, OR 97209
503-306-0224 Office
503-306-0257 Fax
kellyc@oandc.com
ksr@oandc.com
giliond@oandc.com
peterj@oandc.com

*Of Attorneys for Plaintiffs*

Page 18   PLAINTIFFS' SECOND AMENDED COMPLAINT

O'DONNELL CLARK & CREW LLP
FREMONT PLACE II
1650 N.W. Naito Parkway, Suite 302
Portland, Oregon 97209
Telephone: (503) 306-0224
FAX: (503) 306-0257